# UNITED STATES DISTRICT COURT

APR 0 7 2017

for the
Eastern District of California

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of<br>INFORMATION ASSOCIATED WITH<br>tyambrovich@gmail.com, prettypiece1@gmail.com,<br>tawny0187@gmail.com, FF4415579@gmail.com,<br>valerie.prillwitz@gmail.com,<br>s.vernonica0187@gmail.com,<br>Jamesbevins60@gmailcom, lvnvrrt@gmail.com,<br>Latombabishop85@gmail.com, and<br>latombabishop0187@gmail.com THAT IS STORED<br>AT PREMISES CONTROLLED BY GOOGLE, INC. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

2:17 - SW - 0 2 5 6   EFB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A1 – A10, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Offense |
| 18 U.S.C. § 1028A | Identity Theft |
| 18 U.S.C. § 1029 | Access Device Fraud |
| 18 U.S.C. § 1341 | Bank Fraud |
| 18 U.S.C. §1708 | Obtaining Mail by Fraud |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Korianne LeMaire_
Applicant's signature

Korianne LeMaire   Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.

Date: 4 - 7 - 2017

_____
Judge's signature

City and state:   Sacramento, California

Edmund F. Brennan, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH **tyambrovich@gmail.com, prettypiece1@gmail.com, tawny0187@gmail.com, FF4415579@gmail.com, valerie.prillwitz@gmail.com, s.vernonica0187@gmail.com, Jamesbevins60@gmailcom, lvnvrrt@gmail.com, Latombabishop85@gmail.com, and latombabishop0187@gmail.com** THAT IS STORED AT PREMISES CONTROLLED BY **GOOGLE, INC.** | Case No. _____  **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Roxanne M. LeMaire, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for

information associated with certain accounts tyambrovich@gmail.com,

prettypiece1@gmail.com, tawny0187@gmail.com, valerie.prillwitz@gmail.com,

FF4415579@gmail.com, Jamesbevins60@gmail.com, s.vernonica0187@gmail.com,

lvnvrrt@gmail.com, Latombabishop85@gmail.com, and latombabishop0187@gmail.com that

are stored at premises controlled by Google, Inc., an email provider headquartered at 1600

Amphitheatre Parkway, Mountain View, California 94043.  The information to be searched is

described in the following paragraphs and in Attachment A.  This affidavit is made in support of

an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and

2703(c)(1)(A) to require Google, Inc., to disclose to the government copies of the information

1

(including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a U.S. Postal Inspector for the United States Postal Inspection Service and have been employed since February 2006. I am currently assigned to the Mail Theft Team in the San Francisco Division, Sacramento Domicile in Sacramento, California, where I investigate federal criminal violations, including crimes which involve the use of the U.S. Mails. My law enforcement experience includes the investigation of numerous criminal offenses including, but not limited to, crimes involving mail theft, mail fraud, bank fraud, identity theft, forgery, counterfeit checks, and credit card fraud. I have attended law enforcement training to include twelve weeks of training of Postal Inspector Basic Training in Potomac, Maryland. As a U.S. Postal Inspector, I am authorized to investigate and to make arrests for federal criminal violations, including for mail theft, possession of stolen mail, false statements, obstruction of mail, bank and mail fraud, theft of government property, burglaries, and robberies.

3.      The statements in this affidavit are based on (a) my personal knowledge, (b) my participation in this investigation, (c) my training and experience, and the training and experience of other law enforcement personnel with whom I have discussed this case, (d) information gained from other law enforcement personnel, federal reports and databases, and (e) witness and/or victim statements. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included every fact known concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for a search warrant authorizing a search of the tyambrovich@gmail.com, prettypiece1@gmail.com, tawny0187@gmail.com, valerie.prillwitz@gmail.com, FF4415579@gmail.com,

2

Jamesbevins60@gmail.com, s.vernonica0187@gmail.com, lvnvrrt@gmail.com, Latombabishop85@gmail.com, and latombabishop0187@gmail.com accounts.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 371 (conspiracy to commit offense), 1028A (identity theft), 1029 (access device fraud), 1341 (bank fraud), and 1708 (obtaining mail by fraud). There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States (including a magistrate judge of such a court) . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6.      On October 28, 2016, a fraudulent vacation hold was placed on Shara Kelsey (S.K.)'s mail via the USPS.com website.  The hold was scheduled to start on October 29, 2016 and continue through November 28, 2016.  On October 31, 2016, your affiant was notified about the fraudulent vacation hold by a letter carrier based out of the Royal Oaks Post Office.  The carrier provided the document making the request for the vacation hold which states "one of my grandchildren will pick up my mail.  Valerie Prillwitz (later determined to be another victim) is the only authorized person to pick up my mail."  S.K.'s letter carrier verified that S.K. did not place the vacation hold on the mail as S.K. was home on the beginning date.

7.      S.K. resides in Sacramento, California, which is in the State and Eastern District of California. The Royal Oaks Post Office is also located in Sacramento, California.

8.      On November 1, 2016, S.K. was interviewed and confirmed she did not place the vacation hold on her account. S.K. also provided a spreadsheet which she has completed detailing numerous fraudulent transactions, including new cards ordered, transactions of her current cards, communication with the different credit card companies, and unauthorized changes of email addresses and passcodes associated with her accounts.

9.      On November 26, 2016, a white male, later identified as Norman Thompson, attempted to pick up victim S.K. mail at the Royal Oaks Post Office. The office staff contacted your affiant and I requested them to delay the pick up until Monday, November 28, 2016. On November 28, 2016, Thompson again arrived at the Royal Oaks Post Office to pick up U.S. Mail from a fraudulent vacation hold. Thompson, however, did not attempt to access S.K.'s mail, but requested mail held pursuant to a vacation hold under the name of victim Lance Ellis (L.E.), who was later determined to be another victim of mail and identity theft.

10.     Law enforcement observed Thompson obtain mail in the name of L.E. Law enforcement also observed Thompson leave the Post Office with the mail and get into a white Chevy Caviler also occupied by Latomba Bishop and another African American female.

11.     On October 25, 2016, S.K.'s email address for her PayPal account was changed from her true email address to sharakelsey8@gmail.com. On October 24, 2016, an order was placed online using S.K.'s PayPal account with Finish Line for seven pairs of shoes totaling $1,1063.53. On October 25, 2016, the address in the order was changed from the victim's true address to an alternative address, a UPS Access Point location at The Hornet Bookstore, 6000 J St, Sacramento, CA 95819. Victim S.K. stated she cancelled the order on October 25, 2016

4

when she was notified about the order, however, the order had already been sent out for delivery. On October 27, 2016, per Finish Line records, the order was returned to sender stating the "the receiver does not want the product and refused delivery." Based on my training, experience and knowledge of this case, I know that suspects often change or attempt to change the shipping address to avoid detection and from being identified by law enforcement.

12.     On November 11, 2016, a female, believed to be Bishop, contacted Finish Line and presented themselves as victim S.K. by using S.K.'s true name and true home phone number, along with the Finish Line order number 6531472179, to file a complaint she has not received her refund for the order she never received. While on hold with Finish Line, the female is heard having another conversation with someone in the background and she said "who are you talking to Norman? Who are you talking to? Wow..Norman..are you really talking to your partner." The Finish Line representative returned to the call and stated not all items have been returned yet, which is why she has not received her refund for the returned shoes. The female was very irritated and she demanded to either receive her items she ordered or to receive her intended refund. The call was transferred to another representative and was disconnected.

13.     I have heard Bishop's voice on recorded calls to the Sacramento County Jail in which Thompson identified her by name. Based upon having heard her voice on those calls and the fact that the caller was speaking to a "Norman," I believe that Bishop is the person who placed the call to Finish Line. I therefore believe that Bishop effected a fraudulent order with Finish Line for $1,1063.53 in merchandise using S.K.'s PayPal account.

14.     On November 16, 2016, the same individual, believed to be Bishop, called Finish Line, presented herself to be S.K. by again using S.K.'s true name, and inquired about why she had not received a refund check for the returned order. The female told the representative that

5

her husband keeps cancelling her order after she places the order due to on-going divorce issues, and she continued to demand a refund check. She also stated during the conversation that the money should not be returned to the Paypal account, even though it is her account and only she has access to the account. (The account belongs to victim S.K.) During the conversation, she tells the representative the check should not be mailed to the old address of record (which was victim S.K.'s address), and that she is currently staying at her daughter's residence due to the divorce with her husband. The female provided the new address the refund check should be mailed to as 132 Lincoln Avenue, #45, Woodland, CA 95695. This address is known to be associated to Bishop through the investigation. A review of the November 23, 2016, search warrant of the sharakelsey8@gmail.com address showed several emails related to the Finish Line order and scheduled delivery of the order. Finish Line issued checks as requested by Bishop, though they were sent to S.K.'s true address, not the one provided by Bishop. Based upon the foregoing, I believe Bishop fraudulently caused an employee of Finish Line to deposit in the U.S. mail a check as part of a scheme to obtain money from Finish Line by false or fraudulent pretenses. In doing so, Bishop used S.K.'s true name.

15.     S.K. also provided information that a Target credit card was applied for in her name, that her Chase and American Express credit card accounts were compromised, and that someone attempted to add an authorized user to her Home Depot account. On November 2, 2016, a Target investigator provided information that on October 25, 2016, a Target credit card was applied for using S.K.'s true name, date of birth, home address, and social security number. The email address provided for the opening of the account, however, was sharakelsey8@gmail.com, which is not S.K.'s true email address. The IP address used returned

6

to a T-Mobile Phone. However, I have been informed by T-Mobile that it does not preserve subscriber IP information.

16.     On November 3, 2016, a JP Morgan Chase Bank representative provided information related to S.K.'s accounts. S.K. had four accounts with Chase credit cards. On October 24, 2016, an unknown person called Chase, presented herself to be S.K., reported her cards were lost, and ordered replacement cards to be mailed to the victim's home address. While reporting the credit cards lost, they also changed the victim's email address from her true email address to sharakelsey8@gmail.com.

17.     On November 10, 2016, I requested the IP information from USPS.com for the fraudulent vacation hold that was placed on S.K.'s true home address from October 29 through November 28, 2016. On November 17, 2016, I received the IP information. The IP information returned to a T-Mobile phone, which is consistent with the information received from Target. Again, T-Mobile does not preserve subscriber information so I cannot pursue that avenue of inquiry further at this time. The email address listed on the fraudulent vacation hold was sharakelsey8@gmail.com.

18.     On November 23, 2016, a federal search warrant (2:16-SW-739 KJN) was approved for the sharakelsey8@gmail.com. I received the results from Google on December 14, 2016. There were multiple emails related in the account relating to updating S.K.'s bank and credit card accounts, changing S.K.'s passwords, and online orders, including the Finish Line order.

19.     In the search warrant return Google also provided a list of 22 accounts linked to sharakelsey8@gmail.com by machine cookies. Machine cookies identify email accounts that are accessed by the same physical electronic device. Two of the email addresses associated with the

7

sharakelsey8@gmail.com account were Latombabishop85@gmail.com and

latombabishop0187@gmail.com, indicating that Bishop accessed her own accounts with the

same device from which she accessed the fraudulent address used in her theft of S.K.'s mail and

identity. Included in the list of accounts associated by cookies were nine email addresses subject

to this search warrant application:  tyambrovich@gmail.com, prettypiece1@gmail.com,

tawny0187@gmail.com, valerie.prillwitz@gmail.com, lvnvrrt@gmail.com, and

ff4415579@gmail.com, lvnvrrt@gmail.com, Latombabishop85@gmail.com, and

latombabishop0187@gmail.com.  All of these email accounts were accessed from the same

electronic device that accessed the sharakelsy8@gmail.com account and which was used to

commit fraudulent transactions in S.K.'s name.

   20.  Based upon my training and experience and knowledge of this investigation, I

believe that Bishop has been creating multiple fraudulent email accounts with Google to

facilitate her fraudulent activities.  I believe that the email address identified herein, were created

to facilitate fraud in association with identified victims.  These email address are associated with

each other and by a "cookie," which, as described in more detail below, indicates that this email

address was accessed from the same device as the other fraudulent addresses.  Because these

fraudulent email addresses were accessed from the same device, which is associated with known

victims as well as Bishop, and based upon the evidence outlined below that the addresses were

used to further identity theft, I believe Bishop created each of these email accounts to facilitate

her fraud scheme.  I believe the user information and contents of each email address will contain

evidence of criminal violations using the stolen identities discussed herein.  The contents of these

email addresses will contain evidence of attempts to take over other victim's online accounts as

well as the fruits of that criminal activity.  The contents will also contain evidence of the identity

of the person, believed to be Bishop, who operated and control the electronic device from which the email addresses were accessed.

**Victim L.E. and email accounts prettypiece1@gmail.com and FF4415579@gmail.com**

21.     On November 28, 2016, law enforcement observed Norman Thompson pick up mail that had been placed on a fraudulent vacation hold in the name of victim Lance Ellis (L.E.). Law enforcement observed Thompson exit the Post Office with the mail and get into a car also occupied by Bishop.

22.     On November 30, 2016, L.E. was interviewed and stated he does not live in California and has not lived in California since 2010.  Victim L.E. stated the address of the fraudulent vacation hold is his previous address he shared with his ex-wife. Victim L.E. stated he should not be receiving any U.S. Mail at the address and he did not place a vacation hold on his mail for that address or his current address in Utah.  Victim L.E. reported he had been receiving multiple letters from different banks and merchants regarding credit cards he did not apply for. Victim L.E. provided consent to open the mail that was received during the fraudulent vacation hold.

23.     While looking through the mail addressed to victim L.E., there was a letter from Schools Financial Credit Union regarding an open bank account.  Victim L.E. stated he does not have any accounts or credit cards with Schools Financial Credit Union.  The letter stated, "The check order you recently placed online was unable to be processed due to:  The person on your check order, Latomba Bishop, is not joint on your checking account."  Victim L.E. stated he does not know Bishop and did not give her permission to obtain his U.S. Mail, open bank accounts in his name or use his personal identifying information to obtain credit cards in his name.

24.     On December 7, 2016, I requested from the US Postal Service the records of the fraudulent vacation hold for victim L.E.  The vacation hold was scheduled to be from November 19 through December 19, 2016.  The vacation hold was associated with email prettypiece1@gmail.com.  The directions stated "my mephew (sic) Joshua Yadon is able to pick up accumulated mail as well."  I have learned in my investigation that Joshua Yadon is married to Bishop.

25.     On December 7, 2016, I reached out to Target Investigator and received the denied Target application for victim L.E.  The suspects used victim L.E. former residential address, true social security number and date of birth to apply for a Target credit card. The email associated with the application is prettypiece1@gmail.com.  Through additional investigation, I learned this email address is also associated with Bank of America account and US Bank accounts that were fraudulently applied for in victim L.E.'s name.

26.     On December 29, 2016, I received bank records from Sacramento Credit Union regarding victim L.E.'s online applications.  There were two applications completed using the true name, date of birth, social security number, California driver's license, and previously known Sacramento address of victim L.E.  The first application, App # 8375, was completed on November 12, 2016. The email account associated with the online application is J.banannaz81@yahoo.com.  Through investigation, I have learned that Thompson has referred to himself as Joey Banannaz on Facebook.  The second online application, App #8462, was completed on November 20, 2016. The email account associated with this application is FF4415579@gmail.com, which was linked by cookies with sharakelsey8@gmail.com account, indicating that Bishop accessed both accounts from the same device.

10

**Victim T.Y. and email accounts tawny0187@gmail.com and tyambrovich@gmail.com**

27.     On December 12, 2016, I received a telephone call from Davis Police Detective

E. Ellsworth regarding an investigation into Bishop and Yadon placing an additional victim's

mail on a fraudulent vacation hold. Det. Ellsworth stated victim Tawny Yambrovich (T.Y.) filed

a police report on November 2, 2016 regarding identity theft. Victim T.Y. reported she received

a notification from Amazon regarding changes made to her current account without her

authorization. Victim T.Y. contacted Amazon and learned her email and telephone numbers

were changed and she corrected them immediately. Victim T.Y. contacted Synchrony Bank who

is the bank to issue credit cards for Amazon. While speaking with Synchrony Bank regarding

the Amazon credit card, victim T.Y. discovered a QVC and JC Penny credit card was also

opened in her name, using email address tawny0187@gmail.com and telephone number 707-

655-7504. This is the same phone number associated with the fraudulent vacation hold for

victim S.K.

28.     On November 3, 2016, victim T.Y. received a package on her door step from

Yolo Federal Credit Union. Inside the package were checks with her (T.Y.) name and "Latomba

Shae Bishop" as the header. Victim T.Y. brought the package immediately to Davis Police

Department to report the ongoing fraudulent activity.

29.     On November 4, 2016, victim T.Y. reported to Davis Police Department about

the fraudulent vacation hold placed on her mail. The vacation hold was placed on victim T.Y.'s

mail from November 4, 2016, through December 3, 2016. The additional information listed

stated "Please alloy (sic) my brother Joshua Yadon to pick up my accumulated mail." Victim

T.Y. stated she does not know Bishop or Yadon and did not provide them permission to use her

personal identifying information to obtain her U.S. Mail or credit cards in her name. On

11

December 28, 2016, I obtained a copy of the fraudulent vacation hold from the US Postal Service and the email associated with the vacation hold is tawny0187@gmail.com and telephone number 707-655-7504 (used with victim S.K fraudulent vacation hold and T.Y. Synchrony Bank credit cards). Through additional investigation, I have learned that the tawny0187@gmail.com account has been associated with fraudulent applications with US Bank and Target.

      30.     Based upon my training and experience and knowledge of this investigation, I believe that the email address tyambrovich@gmail.com, identified in the Google search warrant return, was created to facilitate fraud in association with victim T.Y., using the first initial and last name. Because the tyambrovich@gmail.com address was accessed from the same device as the other fraudulent addresses and is associated with a known victim, I believe the user information and contents of that email address will contain evidence of criminal violations using T.Y.'s stolen identity.

### Victim V.C. and email account Valerie.prillwitz@gmail.com

      31.     On December 15, 2016, I spoke with victim Valerie Cole (V.C.) regarding the investigation. Victim V.C. stated she was recently married and her previous name was Valerie Prillwitz. Victim V.C. reported she had received a JC Penny card that she never applied for and a letter regarding a declined application for Macy's credit card. Victim V.C. stated she ordered a credit report on Credit Karma during the summer of 2016 due to the fraudulent activity, and when she logged onto her account with Credit Karma, she noticed her email address had been changed from her true email account to another email account. When asked if she could recall the email address her account was changed to, she did not remember and did not keep records of it. Victim V.C. stated her email address is not Valerie.prillwitz@gmail.com. Victim V.C. stated she does not know Bishop, Yadon, or Thompson and did not give them permission to use her

personal identifying information to gain access to her U.S. Mail or to obtain credit cards in her name.

32.     Valerie.prillwitz@gmail.com is one of the email addresses accessed by Bishop from the same device as the other fraudulent email addresses. Based upon my training and experience and knowledge of this investigation, I believe the email address, valerie.prillwitz@gmail.com, was created to facilitate fraud associated with victim V.C., using her previous name, which the suspects may not know had recently been changed. Because the valerie.prillwitz@gmail.com address was accessed from the same device as the other fraudulent addresses and is associated with a known victim, I believe the user information and contents of that email address will contain evidence of criminal violations using V.C.'s stolen identity

33.     On January 3, 2106, a federal search warrant (2:17-SW-1 KJN) was approved to search residence of 132 Lincoln Avenue, Apartment 45, Woodland, CA 95695. Bishop and Thompson had previously been followed to the residence while in the possession of stolen mail. During the execution of the search warrant, Joshua Yadon was present with his mother Joy Luna, Bishop and Thompson were not present. While conducting the search at the apartment, a Bank of America Visa Debit card was located in Yadon's bedroom. The debit card was still attached to the letter from Bank of America and was addressed to victim Valerie Prillwitz at 543 Pear Tree Lane, Fairfield, CA 94533. This address is associated with a P.O. Box Thompson and Bishop applied for in Fairfield, CA. There was also a letter from Bank of America addressed to victim Valerie Prillwitz dated September 1, 2016, stating the bank made the decision to close the bank account.

**Victims J.B. and T.B. and email account jamesbevins60@gmail.com**

34.     Additional evidence located in Yadon's bedroom during the execution of the search warrant includedan invoice dated December 8, 2016, for Aladdin Bail Bonds for suspect Thompson, an application letter dated December 17, 2016, from Chase bank addressed to victim Tanya Bevins (T.B.), at 132 Lincoln Ave #45, Woodland, CA., a copy of a credit report in T.B.'s name, and a letter dated November 23, 2016, addressed to victim L.E. at 132 Lincoln Ave #45, Woodland, CA., from Massey's Direct Footwear Merchants declining a recent order.

35.     On January 12, 2017, I contacted victim T.B. regarding the credit report that was located during the execution of the search warrant. Victim T.B. stated that both she and her husband, James Bevins (J.B.) have had multiple credit cards applied for in both of their names. Additionally, victim T.B. stated a $15,000 loan was applied for using her personal information with Lending Club. Victim T.B. stated she does not know Bishop, Thompson, or Yadon and did not give them permission to use her personal identifying information to obtain her U.S. Mail or apply for credit cards in her name. In February 2017, Chase provided information regarding an online application completed on December 21, 2017 using the true name, date of birth, address and social security number of victim J.B. The email address associated with the application is jamesbevins60@gmail.com. While interviewing J.B., he confirmed this is not his true email address.

36.     Based upon my training and experience and knowledge of this investigation, I believe the email address, jamesbevins60@gmail.com, was created to facilitate fraud associated with victim V.C., using her previous name, which the suspects may not know had recently been changed. Because the address is associated with a known victim and was used to apply for credit in the victim's name, I believe the user information and contents of that email address will contain evidence of criminal violations using J.B. and T.B.'s stolen identities.

14

**Email accounts s.veronica0187@gmail.com, lvnvrrt@gmail.com,**

**Latombabishop85@gmail.com, latombabishop0187@gmail.com**

37.    On April 3, 2017, I received a copy of emails that Bishop sent to Thompson while he is currently in custody with Sacramento County Jail for an unrelated case.  The emails state they are from a multiple names but they list the relationship as "romantic."  There are multiple emails that show they are from "Veronica Stevens" and the emails have different email accounts associated with them.  One email address listed is prettypiece1@gmail.com, which is used on multiple fraudulent applications in the name of victim L.E. and which is associated with Bishop through the Google return for the sharakelsey8@gmail.com search warrant.  The other two email accounts associated are s.vernonica0187@gmail.com and lvnvrrt@gmail.com.  The lvnvrrt@gmail.com account is also associated with Bishop through the search warrant return which indicates it was accessed by Bishop from the same device as the other fraudulent email addresses.  At the same time these emails were sent to Thompson, I also obtained recorded phone calls made by Thompson while he was in Sacramento County Jail.  Other than calls to a bail bonds service, Thompson only made calls to Bishop.  I believe that these emails were sent by Bishop and that she uses these accounts to communicate with her co-conspirator Thompson.  There is probable cause to believe that a review of the content and user information of these accounts will provide evidence confirming that Bishop controls and operates these accounts as well as communications between the co-conspirators about the scheme outlined herein.

38.    In the search warrant return from Google, I learned that the emails used to perpetrate fraud upon L.E., T.Y., C.V., and J.B., were all accessed from the same electronic device and that the device was also used to access email addresses Latombabishop85@gmail.com and latombabishop0187@gmail.com.  There is probable cause to

15

believe that the contents and user information of these two email address accounts will confirm

that Bishop was the individual using the electronic device. Establishing that fact will in turn be

evidence that Bishop was the individual perpetrating fraud against the above-identified victims

because these accounts were accessed form the electronic device used to perpetrate the crimes.

Evidence that Bishop operated that device is evidence that she perpetrated the crimes.

39.     Based upon my training and experience, the type of activity described herein is

consistent with recent schemes in which schemers attempt to take over a victim's bank, credit

card, and other consumer accounts. The schemers will change the victim's email address so the

victim is unaware of the takeover. The schemers will request replacement cards be sent to the

victim's real home address to reduce suspicion on the part of the bank, credit card, or other

company. However, the schemers will then place either a vacation hold or mail forwarding

request with the US Postal Service and thereby divert the cards from the victim into their own

possession. The schemers can do this online at USPS.com by using the victim's personal

identifying information and posing as the victim.

40.     I believe that L.E., T.Y., V.C. and J.B. are victims of such a scheme executed by

Bishop, Thompson, and Yadon. Information stored by Google, Inc., relating to the creation,

access, and maintenance of the tyambrovich@gmail.com, prettypiece1@gmail.com,

tawny0187@gmail.com, valerie.prillwitz@gmail.com, FF4415579@gmail.com,

Jamesbevins60@gmail.com, s.vernonica0187@gmail.com, lvnvrrt@gmail.com,

Latombabishop85@gmail.com and latombabishop0187@gmail.com addresses is evidence of

who has perpetrated this scheme. The content of these accounts will also contain confirmation

emails for all email address changes the schemers have affected to date. Further, as described

below, information stored by Google, Inc., may also indicate other email accounts created,

16

accessed, and maintained by the schemers, which in turn will lead to additional victims and compromised accounts and produce further evidence of the scheme.

## BACKGROUND CONCERNING EMAIL

41.     In my training and experience, I have learned that Google, Inc., provides a variety of on-line services, including electronic mail ("email") access, to the public.  Google, Inc., allows subscribers to obtain email accounts at the domain name gmail.com, like the email account listed in Attachment A.  Subscribers obtain an account by registering with Google, Inc. During the registration process, Google, Inc., asks subscribers to provide basic personal information.  Therefore, the computers of Google, Inc., are likely to contain stored electronic communications (including retrieved and unretrieved email for Google, Inc., subscribers) and information concerning subscribers and their use of Google, Inc., services, such as account access information, email transaction information, and account application information.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

42.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account.  Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.  Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

17

43.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

44.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

45.     This application seeks a warrant to search all responsive records and information under the control of Google, Inc., a provider subject to the jurisdiction of this court, regardless of where Google, Inc., has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic

18

communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Google, Inc.'s possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.[1]

46.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses,

---

[1] It is possible that Google, Inc., stores some portion of the information sought outside of the United States. In <u>Microsoft Corp. v. United States</u>, 2016 WL 3770056 (2nd Cir. 2016), the Second Circuit held that the government cannot enforce a warrant under the Stored Communications Act to require a provider to disclose records in its custody and control that are stored outside the United States. As the Second Circuit decision is not binding on this court, I respectfully request that this warrant apply to all responsive information— including data stored outside the United States—pertaining to the identified account that is in the possession, custody, or control of Google, Inc. The government also seeks the disclosure of the physical location or locations where the information is stored.

investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

47.     I am aware that Google offers a service through which a computer user can search webpages for text that the user types in, and that under some circumstances Google saves the user's text searches for later retrieval. I am also aware that Google may also keep records of the webpages or IP addresses that a user clicks on or types directly into his web browser's address bar if the user is using Google's web browser (Google Chrome) and has logged into Google Chrome with his Google account's username and password.

48.     I am aware that Google, Inc., records the IP address(es) used to access an account. By comparing IP addresses, it is possibly to identify other accounts which were accessed by the same persons.

49.     I am also aware that Google, Inc., keeps records of which Google accounts are accessed from the same browser on an electronic device. Accounts accessed from the same electronic device may share the same "cookie." A cookie is small file stored on an electronic device that provides a way for a web site to recognize the user and keep track of the user's

preferences.  Google, Inc., uses cookies and can identify accounts which share the same cookie(s) and are accessed from the same electronic device.

## **CONCLUSION**

50.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Google, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

//

//

//

//

//

//

//

//

21

## **REQUEST FOR SEALING**

51.     It is respectfully further requested that this Court issue an order sealing, until

further order of this Court, all papers submitted in support of this Application, including the

Application and Affidavit.  Sealing is necessary because the items and information to be seized

are relevant to an ongoing investigation that is neither public nor known to all of the targets.

Premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise

seriously jeopardize the investigation.  Accordingly, there is good cause to seal these documents

as disclosure of the contents of this Affidavit and related documents may have a negative impact

on this continuing investigation and may jeopardize its effectiveness.

Respectfully submitted,

Roxanne M. LeMaire
Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me on April $\underline{7}$ , 2017

Honorable Edmund F. Brennan
UNITED STATES MAGISTRATE JUDGE

Approved as to form by AUSA Jeremy J. Kelley

## ATTACHMENT A-1

### I.     Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, tyambrovich@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-2

**I.      Location to Be Searched**

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, tawny0187@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**II.     Method**

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-3

### I.    Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, prettypiece1@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-4

### I.       Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, valerie.prillwitz@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.      Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-5

### I.       Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, FF4415579@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.      Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

# ATTACHMENT A-6

## I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, s.veronica0187@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## II.     Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-7

### I.     Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, jamesbevins60@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-8

### I.    Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, lvnvrrt@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-9

### I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, Latombabishop85@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.      Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

31

**ATTACHMENT A-10**

## I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, latombabishop0187@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## II.      Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT B: ITEMS TO BE SEIZED

## RELEVANT TIME PERIOD AND DEFINITIONS

### Relevant Time Period:

From August 1, 2016, through and including the date of the execution of this Search Warrant.

## I.      INFORMATION TO BE DISCLOSED BY GOOGLE, INC. (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

      a.      The contents of all e-mails stored in the accounts, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each e-mail;

      b.      The contents of all storage drive information associated with the accounts, including copies of all documents, draft documents, all dates, times, and person accessing the accounts and what was changed in the account;

      c.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

      d.      The identity of any other GOOGLE, INC., accounts linked to the subject account by cookies;

      d.      All records or other information stored by an individual using the account, including address books, calendars, contact and buddy lists, calendar data, pictures, and files;

      e.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

      f.      The text of all Internet search requests input by the subscriber; and all URLs or IP addresses typed into the Google Chrome address bar or URLs or IP addresses clicked on

33

g.      For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of the issuance of this warrant.

## II.     ITEMS TO BE SEIZED

For the accounts and identifiers listed in Attachment A, for the time period of August 1, 2016, to present, all emails, attachments, documents, contact information, data and information pertaining to, relating to or regarding the following matters, all of which constitute the fruits, evidence and instrumentalities of the statutes listed on the warrant (18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708), are to be seized:

1. Evidence indicating the identity of the person(s) who created or used the email account, including records that help reveal the whereabouts of such person(s).

2. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner.

3. Any emails and/or attachments relating to business transactions; accessing or maintaining bank, credit, or other consumer accounts, including but not limited to USPS, Target, Chase, American Express, Home Depot, QVC, JC Penny, US Bank, Norstrom, Kohl's, Synchrony Bank and Paypal; discussing any bank, credit, or consumer accounts related to Lance Ellis, Tawny Yambrovich, Tanya or James Bevins, and Valerie Cole or other identity theft victims; and purchases made using accounts related to Lance Ellis, Tawny Yambrovich, Tanya or James Bevins, and Valerie Cole or other stolen identities.

4. Evidence indicating the email account owner's state of mind as it relates to the crimes under investigation, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

5. The identity of any person(s) who communicated with the email account about matters relating to the theft and use of  Lance Ellis, Tawny Yambrovich, Tanya or James Bevins, and Valerie Cole's personal identifying information, including records that help reveal their whereabouts.

6. Other information, documents or records evincing violations of 18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708, occurring between August 1, 2016, through the present, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

SEALED

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>INFORMATION ASSOCIATED WITH<br>tyambrovich@gmail.com, prettypiece1@gmail.com,<br>tawny0187@gmail.com,  FF4415579@gmail.com,<br>valerie.prillwitz@gmail.com, s.vernonica0187@gmail.com,<br>Jamesbevins60@gmailcom, lvnvrrt@gmail.com,<br>Latombabishop85@gmail.com, and<br>latombabishop0187@gmail.com THAT IS STORED AT<br>PREMISES CONTROLLED BY GOOGLE, INC. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

**2:17-SW-0256 ▬ EFB**

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A1 – A10, attached hereto and incorporated by reference.**

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

        **YOU ARE COMMANDED** to execute this warrant on or before _____April 21, 2017_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☒ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
        ☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _4-7-7017_
_at 10:05 A.M._

Judge's signature

City and state:      Sacramento, California      Edmund F. Brennan, U.S. Magistrate Judge
                                                *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____
            Signature of Judge                                                Date

## ATTACHMENT A-1

### I.    Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, tyambrovich@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

23

## **ATTACHMENT A-2**

### I.    **Location to Be Searched**

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, tawny0187@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    **Method**

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

24

## ATTACHMENT A-3

### I.    Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, prettypiece1@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

**ATTACHMENT A-4**

### I.    Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, valerie.prillwitz@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-5

### I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, FF4415579@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.     Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-6

### I.    Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, s.veronica0187@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.    Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

28

**ATTACHMENT A-7**

## I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, jamesbevins60@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## II.      Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT A-8

### I.     Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, lvnvrrt@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.     Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

**ATTACHMENT A-9**

### I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, Latombabishop85@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.     Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

31

# ATTACHMENT A-10

## I. Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, latombabishop0187@gmail.com, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## II. Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant. The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT B: ITEMS TO BE SEIZED

## RELEVANT TIME PERIOD AND DEFINITIONS

### Relevant Time Period:

From August 1, 2016, through and including the date of the execution of this Search Warrant.

## I.   INFORMATION TO BE DISCLOSED BY GOOGLE, INC. (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.   The contents of all e-mails stored in the accounts, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each e-mail;

b.   The contents of all storage drive information associated with the accounts, including copies of all documents, draft documents, all dates, times, and person accessing the accounts and what was changed in the account;

c.   All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.   The identity of any other GOOGLE, INC., accounts linked to the subject account by cookies;

d.   All records or other information stored by an individual using the account, including address books, calendars, contact and buddy lists, calendar data, pictures, and files;

e.   All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

f.   The text of all Internet search requests input by the subscriber; and all URLs or IP addresses typed into the Google Chrome address bar or URLs or IP addresses clicked on

33

g.      For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of the issuance of this warrant.

## II.    ITEMS TO BE SEIZED

For the accounts and identifiers listed in Attachment A, for the time period of August 1, 2016, to present, all emails, attachments, documents, contact information, data and information pertaining to, relating to or regarding the following matters, all of which constitute the fruits, evidence and instrumentalities of the statutes listed on the warrant (18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708), are to be seized:

1. Evidence indicating the identity of the person(s) who created or used the email account, including records that help reveal the whereabouts of such person(s).

2. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner.

3. Any emails and/or attachments relating to business transactions; accessing or maintaining bank, credit, or other consumer accounts, including but not limited to USPS, Target, Chase, American Express, Home Depot, QVC, JC Penny, US Bank, Norstrom, Kohl's, Synchrony Bank and Paypal; discussing any bank, credit, or consumer accounts related to Lance Ellis, Tawny Yambrovich, Tanya or James Bevins, and Valerie Cole or other identity theft victims; and purchases made using accounts related to Lance Ellis, Tawny Yambrovich, Tanya or James Bevins, and Valerie Cole or other stolen identities.

4. Evidence indicating the email account owner's state of mind as it relates to the crimes under investigation, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

5. The identity of any person(s) who communicated with the email account about matters relating to the theft and use of Lance Ellis, Tawny Yambrovich, Tanya or James Bevins, and Valerie Cole's personal identifying information, including records that help reveal their whereabouts.

6. Other information, documents or records evincing violations of 18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708, occurring between August 1, 2016, through the present, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

34